Matter of Angel L. (Angel L.) (2025 NY Slip Op 02780)

Matter of Angel L. (Angel L.)

2025 NY Slip Op 02780

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-03019
2024-03021
 (Docket No. N-755-21)

[*1]In the Matter of Angel L. (Anonymous) IV. Administration for Children's Services, petitioner-respondent; Angel L. (Anonymous) III, appellant, et al., respondent.

Lewis S. Calderon, Jamaica, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and D. Alan Rosinus, Jr., of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Sabrina Lall, and Hannah Kaplan of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) a permanency hearing order of the Family Court, Queens County (Elenor Reid-Cherry, J.), dated April 10, 2024, and (2) an order of the same court also dated April 10, 2024. The permanency hearing order, insofar as appealed from, after a combined hearing, continued the placement of the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing or pending further order of the court. The order dated April 10, 2024, denied the father's motion pursuant to Family Court Act § 1061 to modify an amended order of the same court dated August 28, 2023, placing the subject child in the care and custody of the petitioner.
ORDERED that the appeal from the permanency hearing order is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated April 10, 2024, is affirmed, without costs or disbursements.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced this proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the subject child, born in July 2019. The child was placed in the care and custody of ACS by amended order dated August 28, 2023 (hereinafter the August 2023 order). The father moved pursuant to Family Court Act § 1061 to modify the August 2023 order so as to return the child to his custody or, in the alternative, to the custody of the child's paternal aunt. After a combined hearing, in a permanency hearing order dated April 10, 2024, the Family Court, inter alia, continued the placement of the child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing or pending further order of the court. In an order also dated April 10, 2024 (hereinafter the motion order), the court denied the father's motion. The father appeals from both orders.
The appeal from the permanency hearing order must be dismissed as academic, as a subsequent permanency hearing was held in October 2024 (see Matter of Jamel V.D.C. [Charlene M.], 227 AD3d 713, 714-715). However, the appeal from the motion order, which challenges the Family Court's determination not to modify the August 2023 order so as to return the child to the father's custody or, in the alternative, to the custody of the child's paternal aunt, is not academic (see id.).
Pursuant to Family Court Act § 1061, "[t]he Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding '[f]or good cause shown'" (Matter of Cassidy B. [Cyntora B.], 227 AD3d 711, 712). "'The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Sanai T. [Michael A.] 232 AD3d 619, 620 [internal quotation marks omitted], quoting Matter of Alisah H. [Syed H.], 168 AD3d 842, 844; see Matter of Cassidy B. [Cyntora B.], 227 AD3d at 712-713). "'As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record'" (Matter of Angel L. [Angel L.], 235 AD3d 757, 758 [internal quotation marks omitted], quoting Matter of Yosepha K. [Chana D.], 165 AD3d 932, 933; see Matter of Sanai T. [Michael A.], 232 AD3d at 620).
Contrary to the father's contentions, the Family Court's determination that the father failed to establish good cause to modify the August 2023 order so as to return the child to his custody or, in the alternative, to the custody of the child's paternal aunt was supported by a sound and substantial basis in the record (see Matter of Cassidy B. [Cyntora B.], 227 AD3d at 713).
Accordingly, the Family Court properly denied the father's motion pursuant to Family Court Act § 1061 to modify the August 2023 order.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court